```
              IN THE UNITED STATES DISTRICT COURT FOR
                THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT TAYLOR                  :  CIVIL ACTION NO.
6139 ARCH STREET               :
PHILADELPHIA, PA 19139         :  11-7382
                               :
                               :
                               :
                               :
                               :
         v.                    :
                               :
THE CITY OF PHILADELPHIA       :
C/O CITY OF PHILADELPHIA       :
LAW DEPARTMENT                 :
1515 ARCH STREET, 14TH         :
FLOOR                          :
PHILADELPHIA, PA 19102         :  JURY TRIAL DEMANDED
                               :
         AND                   :
                               :
PO SEAN DEVLIN, BADGE NO.      :
4681                           :
C/O CITY OF PHILADELPHIA       :
LAW DEPARTMENT                 :
1515 ARCH STREET, 14TH FL.     :
PHILADELPHIA, PA 19102         :
                               :
         AND                   :
                               :
PO CHRISTOPHER LANTZ, BADGE    :
NO. 4239                       :
C/O CITY OF PHILADELPHIA       :
LAW DEPARTMENT                 :
1515 ARCH STREET, 14TH FL.     :
PHILADELPHIA, PA 19102         :
                               :
         AND                   :
                               :
PO HERBERT JOHNSON, BADGE      :
NO. 6409                       :
C/O CITY OF PHILADELPHIA       :
LAW DEPARTMENT                 :
1515 ARCH STREET, 14TH FL.     :
PHILADELPHIA, PA 19102         :
                               :
         AND                   :
                               :
PO O'DONNELL, BADGE NO.        :
6990                           :
C/O CITY OF PHILADELPHIA       :
LAW DEPARTMENT                 :
1515 ARCH STREET, 14TH FL.     :
PHILADELPHIA, PA 19102         :
                               :
         AND                   :
                               :
PO LEWIS                       :
C/O CITY OF PHILADELPHIA       :
LAW DEPARTMENT                 :
1515 ARCH STREET, 14TH FL.     :
PHILADELPHIA, PA 19102         :
                               :
         AND                   :
                               :
PO MCMONAGLE                   :
C/O CITY OF PHILADELPHIA       :
```

```
LAW DEPARTMENT               :
1515 ARCH STREET, 14TH FL.   :
PHILADELPHIA, PA 19102       :
                             :
                             :
        AND                  :
                             :
CURRENTLY UNAMED AND         :
UNKNOWN CITY OF              :
PHILADELPHIA POLICE OFFICERS :
                             :
```

## AMENDED COMPLAINT

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. S 1983. Jurisdiction is based on 28 U.S.C. S 1331 and 1343 (1), (3) (4) and the aformentioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and adjudicate state law claims pursuant to 28 U.S.C. S 1367 (a) to hear and adjudicate state law claims.

### PARTIES

2. Plaintiff, Robert Taylor who has an address of 6139 Arch Street, Philadelphia, PA 19139.

3. Defendant, the City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employes the currently unamed and unknown City of Philadelphia Police Officers referred to in the caption above.

4. The currently unamed and unknown City of Philadelphia Police Officers are employees of the City of Philadelphia, and at all times relevant to the averments of this Complaint were acting under color of state law, and are being sued in their official and individual capacities.

### FACTUAL ALLEGATIONS

5. On/around August 29, 2010, Plaintiff driving, when he was stopped and detained by members of the Philadelphia Police Department; Plaintiff had not violated in law precipitating the traffic stop.

6. During the incident referred to in paragraph 5 above, Philadelphia Police officers pulled Plaintiff out of his car, physically assaulted him and hand-cuffed him for approximately 30 minutes; they also searched him and his vehicle.

7. Plaintiff believes that the police officers involved in the incident on August 29, 2010, had the last names of "Lewis" and "McMonagle."

8. On January 26, 2011, Plaintiff was driving in his car, when he summoned to stop by the Philadelphia police department; Plaintiff had not violated any laws to justify a traffic stop and all charges were dismissed.

9. During the incident referred to in paragraph 8 above, Police Officer McGonagle and another police officer reached into Plaintiff's vehicle, opened the doors, and proceeded to mace Plaintiff in his eyes and face, without provocation; thereafter they removed Plaintiff from the vehicle and rammed his head and body into his car.

10. The police officers arrested Plaintiff and searched his person and vehicle and charged him with disorderly conduct and various traffic offenses.

11. Plaintiff received medical treatment for injuries to his face and eyes as a result of being maced in his face and otherwise assaulted by the police officers.

12. On May 13, 2011, Plaintiff was driving in his car, when he was stopped by members of the Philadelphia Police Department; Plaintiff had not violated any laws to justify the traffic stop.

13. During the incident referred to in paragraph 12 above, the police harrassed  Plaintiff by asking him unwarranted questions, and attempting to enter his car without justification.

14. On September 14, 2011, Plaintiff was driving in his car, when he was followed and stopped and then boxed in, by members of the Philadelphia police Department, in front of his home; Plaintiff had not violated in laws to justify the police actions against him.

15. During the incident referred to in paragraph 14 above, Police Officers broke the windows of Plaintiff's car, reached into the car, and tazed Plaintiff in his facial area and his arms.

16. Plaintiff suffered injuries to his face and arms as a result of being tazed and otherwise assaulted by the police, for which he received medical treatment; Plaintiff is receiving ongoing medical treatment for possible nuerological damage including a concussion.

17. Prior to the incidents described above, Plaintiff has been harassed by

members of the Philadelphia police department dating back to 2009 or before, including being repeatedly stopped in traffic for no legitimate reason; upon information and belief, Plaintiff believes that various members of the Philadelphia Police Department have falsely and unfairly stereotyped him (in part based on his race) as a dangerous criminal and that as a result thereof, they have chosen to harass him, in the hopes that he might commit some act which would result in his incarceration.

FIRST CAUSE OF ACTION - 42 U.S.C. S 1983

18. Plaintiff incorporates paragraphs 1-17 above as though fully set forth herein by reference.

19. As a direct and proximate result of the Defendants' conduct, including that of the City of Philadelphia and its' Police Department and Police Officers, which was committed under color of state law, Plaintiff was deprived of his right to be free from false arrest, unreasonable and excessive force, unlawful seizure, and false imprisonment. As a result of the Defendants'conduct Plaintiff suffered violation of his rights under the laws and the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. S 1983.

20. As a direct and proximate result of the acts of the Defendants, Plaintiff has suffered and conintues to suffer severe emotional distress, loss of enjoyment of life, and economic loss, all to his detriment and harm.

21. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following police patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a. Intentionally falsely arresting citizens of Philadelphia, with the knowledge that they do not have sufficient evidence to satisfy probable cause, and conspiring to have such citizens arrested with misleading and stale evidence, upon their malicious desire to have persons who have committed crimes in the past further punished for those crimes, with the knowledge that they have served their sentences for the prior crimes; arresting suspects based on racial considerations, e.g., racial profiling.

b. The use of unreasonable force, including potentially deadly force, excessive force and unlawful seizure by police;

c. The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force and unlawful seizure;

d. The monitoring of police officers whom it knew or should have known were suffering from emotional and/or psychological problems which impaired their ability to function as officers;

e. The failure to identify and take remedial or disciplinary action against police officers who were subject of prior civilian or interal complaints of misconduct;.

f. Police officers' use of their status as police officers to selectively provide false and misleading evidence to the Philadelphia District Attorney's Office and the Court to attempt to ensure convictions and/or false imprisonment pending preliminary hearings and/or trials, against persons whom they selectively desire to be punished, including ex-convicts who have served their sentences.

g. unlawful arrest, or to achieve ends not reasonably related to their police duties;and

h. The failure of police officers to follow established policies, procedures, directives and instructions regarding how to properly investigate crimes.

22. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as Plaintiff.

23. Defendants have by the above described actions deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. S 1983.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable Attorney's Fees and Costs;

d. Such other and further relief as appears reasonable and just;

e. A jury trial as to each Defendant as as to each count.

SECOND CAUSE OF ACITON
SUPPLEMENTAL STATE CLAIMS

24. Plaintiff incorporates paragraphs 1-23 above as though fully set forth herein.

25. The acts and conduct of the City of Philadelphia Defendants, including its' Police Officers, in this cause of action constitute assault, battery, defamation, invasion of privacy, including false light privacy, intentional infliction of emotional distress, and malicious prosecution under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable Attorney's fees and costs;

d. Such other and further relief as appears reasonable and just; and

e. A jury trial as to each Defendant and as to each count.

Respectfully submitted,

_____
Reginald Allen, Esquire
Attorney ID No. 77083
7601 Crittenden Street
Unit F-12
Philadelphia, PA 19118
(215) 242-3875
Attorney for Plaintiff